UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TORRENCE LEWIS, | Case No. 2:21-cv-01971-ART-VCF |
| Petitioner, | ORDER |
| v. | |
| JEREMY BEAN, *et al.*, | |
| Respondents. | |

In this habeas corpus action, on September 25, 2023, Petitioner Torrence Lewis, represented by appointed counsel, filed an amended habeas petition (ECF No. 32), along with several exhibits (ECF Nos. 33, 35, 36). Lewis filed several of his exhibits under seal (ECF Nos. 35, 36), and he filed a motion for leave of court to file those exhibits under seal (ECF No. 34). On October 19, 2023, the Court granted that motion in part and denied it in part. (ECF No. 38.) The Court ordered that certain of Lewis's exhibits—Exhibits 28, 29, 30, 35, 36, 37, 38, 39, 40 and 41—would remain under seal. (*Ibid.*) However, the Court denied the motion, without prejudice with respect to Lewis's Exhibits 31, 32, 33 and 34, because Lewis did not make any argument regarding any need to file those exhibits under seal. (*Ibid.*) The Court gave Lewis 20 days—until November 8, 2023—to file a new motion for leave to file those four exhibits under seal and stated that, if Lewis did not file such a motion, those exhibits would be ordered unsealed. (*Ibid.*) On October 24, 2023, Lewis filed a notice (ECF No. 39) stating that he does not intend to ask that Exhibits 31, 32, 33 and 34 remain under seal. (ECF No. 39.) And Lewis did not, by November 8, 2023, file any motion requesting that any of Exhibits 31, 32, 33 and 34 remain under seal. Therefore, the Court will order Exhibits 31, 32, 33 and 34 unsealed.

1   On November 13, 2023, Respondents filed a motion to stay this action, pending Lewis's completion of a state habeas action. (ECF No. 40.) Respondents state that Lewis filed his second habeas action in state court on September 26, 2023, and that a hearing in that action was scheduled for November 13, 2023, in the state district court. (*Id.* at 2; *see also id.* at 5–40.) Respondents point out that, in his amended petition in this case, Lewis acknowledges that certain of his claims are unexhausted in state court but raised in his pending second state habeas action. (*Id.* at 2; *see also* ECF No. 32 at 7, 10, 20, 23, 27 and 32 (Grounds 1, 2, 5, 6, 8 and 9).) Respondents assert—reasonably so—that the outcome of Lewis's second state habeas action may affect the adjudication of his claims in this case, and that staying this action pending completion of Lewis's second state habeas action will serve the interest of judicial economy. (ECF No. 40 at 2.) Respondents cite *Rhines v. Weber*, 544 U.S. 269 (2005), and *Wooten v. Kirkland*, 540 F.3d 1019 (9th Cir. 2008), with respect to the Court's discretion to stay habeas actions to allow for exhaustion of claims in state court. Respondents represent that Lewis does not oppose their motion to stay this action. The Court will grant Respondents' motion and stay this action.

It is therefore ordered that the Clerk of the Court is directed to unseal Petitioner's Exhibits 31, 32, 33 and 34. (*See* ECF No. 35 (Notice of Manual Filing, indicating that those exhibits were manually filed under seal).

It is further ordered that Respondents' Motion to Stay (ECF No. 40) is granted. This action is stayed while Petitioner completes his pending second state habeas action.

It is further ordered that following the conclusion of Petitioner's second state habeas action, Petitioner must, within 30 days, make a motion to lift the stay of this action.

///

///

2

It is further ordered that this action will be subject to dismissal if Petitioner does not make a timely motion to lift the stay, or if Petitioner otherwise fails to proceed with diligence during the stay.

It is further ordered that The Clerk of the Court is directed to administratively close this case.

DATED THIS 16th day of November 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

3