UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TORRENCE LEWIS, | Case No. 2:21-cv-01971-ART-VCF |
| Petitioner, | ORDER |
| v. | |
| JEREMY BEAN, *et al.*, | |
| Respondents. | |

This habeas corpus action was stayed on November 17, 2023, to allow Petitioner Torrence Lewis, who is represented by appointed counsel, to complete a state-court habeas corpus action before proceeding with this case. (ECF No. 41.) On November 6, 2025, Lewis filed a motion to lift the stay and reopen this case, in which his counsel states that the state court action has concluded. (ECF No. 46.) Lewis requests that the Court enter a scheduling order, including a provision for the filing of a second amended habeas petition. (*Id.*) Respondents did not respond to the motion. The Court will grant Lewis's motion, will lift the stay and reopen the case, and will set a schedule for further proceedings.

It is therefore ordered that Petitioner's Motion to Reopen (ECF No. 46) is granted. The stay of this action is lifted. The Clerk of the Court is directed to reopen the case.

It is further ordered that the following schedule will govern further proceedings in this case:

1. Second Amended Petition. Petitioner will have 30 days from the date of entry of this order to file a second amended petition for writ of habeas corpus.

2. Response to Petition. Respondents will have 60 days following the filing of a second amended petition to file an answer or other response to the second amended petition.

3. **Reply and Response to Reply.** Petitioner will have 60 days following the filing of an answer to file a reply. Respondents will thereafter have 30 days following the filing of a reply to file a response to the reply.

4. **Briefing of Motion to Dismiss.** If Respondents file a motion to dismiss, Petitioner will have 60 days following the filing of the motion to file a response to the motion. Respondents will thereafter have 30 days following the filing of the response to file a reply.

5. **Discovery.** If Petitioner wishes to move for leave to conduct discovery, Petitioner shall file such motion concurrently with, but separate from, the response to Respondents' motion to dismiss or the reply to Respondents' answer. Any motion for leave to conduct discovery filed by Petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis. Respondents shall file a response to any such motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to Petitioner's reply. Thereafter, Petitioner will have 20 days to file a reply in support of the motion for leave to conduct discovery.

6. **Evidentiary Hearing.** If Petitioner wishes to request an evidentiary hearing, Petitioner shall file a motion for an evidentiary hearing concurrently with, but separate from, the response to Respondents' motion to dismiss or the reply to Respondents' answer. Any motion for an evidentiary hearing filed by Petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis. The motion for an evidentiary hearing must specifically address why an evidentiary hearing is necessary and must satisfy the requirements of 28 U.S.C. § 2254(e). The motion must state whether an evidentiary hearing was held in state court, and, if so, state where the transcript is located in the record. If Petitioner files a motion for an evidentiary hearing, Respondents shall file a response to that motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to

Petitioner's reply. Thereafter, Petitioner will have 20 days to file a reply in support of the motion for an evidentiary hearing.

DATED THIS 25th day of November, 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE